Simmons Hardware Company, Appellant, v. Philip Pfeil *et al.*, Respondents.

### St. Louis Court of Appeals, April 2, 1889.

1. **Personal Property** : SALE AND DELIVERY. If, at the time of a sale, the property is already in the possession of the vendee, no formal delivery is necessary to a legal consummation of the transfer.

2. **Attachment** : FRAUDULENT DISPOSITION OF CHATTELS. The evidence tended to prove that the defendants had L. in their employ, driving a delivery wagon, for two or three years, at the end of which time, being indebted to L. in the sum of six hundred dollars, they sold the wagon and horses to him in part payment of the debt, and L. continued to drive for the defendants as before ; they paying him six dollars per week for the use of the wagon and team. L. had the control and possession of the horses both before and after the sale, and there was no change in their keeping, except that, after the sale, L. paid for the rent of the stable. *Held*, that. it could not be assumed, as a matter of law, that the defendants were liable to attachment for having fraudulently disposed of their property, so as to hinder, delay, or defraud their creditors, because there was no visible or sufficient change in the possession of the property , and further, that an instruction to the effect that, if there was no actual, visible, continued and exclusive change of possession after the sale, such as would impart notice to a prudent man that a change had taken place, the verdict on the plea in. abatement should be for the plaintiff, was properly refused.

Simmons Hardware Co. v. Pfeil.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.
AFFIRMED.

*H. M. Wilcox* and *G. H. Ten Broek*, for the
appellant.

"The vendee of personal property must take actual
possession and the possession must be open, notorious
and unequivocal, such as to apprise the community or
those who are accustomed to deal with the party that
the goods have changed hands and that the title has
passed out of the seller and into the purchaser." R. S.,
p. 419, sec. 2505 ; *Claflin v. Rosenberg*, 40 Mo. 439, 449,
450 ; *Stewart v. Nelson*, 79 Mo. 524 ; *Stern v. Henley*,
68 Mo. 262 ; *Wright v. McCormack*, 67 Mo. 426 ; *State
v. Frank*, 22 Mo. App. 46 ; *Knoop ex rel. v. Distilling
Co.*, 26 Mo. App. 303. When it appears, from the
undisputed facts in the case, that the change of posses-
sion is not such as the statute requires, the court should,
as a matter of law, declare the sale fraudulent. *Stewart
v. Nelson*, 79 Mo. 524 ; *Wright v. McCormack*, 67 Mo.
426, 430. There was no issue in this case as to whether
a debtor, in failing circumstances, had a right to prefer
one of his creditors or not. We submit that it would
be impossible for a jury to find a verdict in this case
that would be consistent with the evidence and the
instructions as given. The error in giving respondents'
instruction was not cured by the instructions given for
'appellant, although said instructions given for appellant
may properly declare the law. The inconsistency
between the two instructions was itself an error. *Welsh
v. Railroad*, 20 Mo. App. 477 ; *Henchen v. O'Bannon*,
56 Mo. 289 ; *Goetz v. Railroad*, 50 Mo. 474 ; *State v.
Nauert*, 2 Mo. App. 295 ; *Birkhistle v. Woodward*,
95 Mo. 117 and 118 ; *Bank v. Metcalf*, 29 Mo. App. 384 ;
*Haynes v. Churchill*, 29 Mo. App. 676 ; *Nasse v.
Algermissen*, 25 Mo. App. 186 ; *State v. Clevenger*, 25
Mo. App. 653.

*C. Otto*, for the respondents.

The property in question, a horse, was always, prior and subsequent to the sale, in this case, in the possession of the purchaser. The instruction for the defendant was correctly given, because fraud was in issue. With the other instructions, even if it were wrong, the jury were not misled. The verdict was for the right party. The instruction of appellants, refused, was too broad, leaving meaning of "possession or control" to jury and was embraced in the others.

BIGGS, J., delivered the opinion of the court.

On the fifth day of September, 1887, defendants, who had been engaged in the tinware business in the city of St. Louis, under the firm-name of Pfeil & Bauer, made a general assignment for the benefit of their creditors. At the time of the assignment, defendants were indebted to plaintiff in the sum of $128.34, and to recover this debt, plaintiff on the eighth of September, 1887, instituted this suit by attachment, before a justice of the peace, assigning among other causes for the issuance of the attachment, that defendants had fraudulently conveyed or disposed of their property, so as to hinder, delay or defraud their creditors. A horse was attached as the property of defendants, but defendants claimed that about one year previous to the levy, they had sold the horse to one Henry Luebert.

There were two trials of the plea in abatement and both resulted in verdicts for defendants.

Plaintiff has prosecuted its appeal from the judgment of the circuit court on the plea in abatement, and asks this court to reverse this judgment for the reasons following, to-wit:

(1) Because the verdict is not supported by the evidence ; and the trial court, on account of this, erred in overruling plaintiff's motion for a new trial.

(2) The court erred in refusing proper instructions asked by plaintiff.

(3) The court gave an erroneous instruction for defendants.

The first assignment of error relied on by plaintiff must be ruled against it. On the trial of the plea in abatement the burden of proof was on the plaintiff to prove some one of the grounds ( alleged in the affidavit) for the attachment. The fact chiefly relied on by plaintiff, was a sale of two horses and a wagon by defendants to Luebert. Plaintiff's contention was, that if any such sale had in fact been made as claimed by defendants, there had never been such a change of possession as the law required ; that for this reason the sale was fraudulent as a matter of law, and authorized the issuance of the attachment. Plaintiff's evidence tended to prove that Luebert had been employed by defendants for two or three years prior to the making of the assignment, and had been during the time engaged in driving the horses ( which he claimed to have purchased ) to defendants' delivery wagon. That after the pretended sale on the thirtieth of September, 1886, Luebert continued to use and drive the horses to the delivery wagon in the prosecution of defendants' business, and that there was no such change in the possession of the property claimed, as to apprise others that the title to the property had changed hands.

Defendants read in evidence a bill of sale of the horses and wagon, from defendants to Luebert dated on the thirtieth day of September, 1886, which was almost a year prior to the attachment. Defendants and Luebert testified that the sale was made on the day mentioned in the bill of sale ; that at that time defendants were indebted to Luebert for wages and borrowed money in the sum of six hundred dollars, and that defendants sold this property to Luebert in part satisfaction of the debt ; that at the time of the sale and for some time prior thereto Luebert had been using the horses and wagon in the delivery of goods for defendants, and that Luebert had the control and possession

of said property. That after the sale, defendants agreed to pay, and did pay, Luebert six dollars per week for the use of the horses and wagon, and that under this arrangement Luebert continued in the employ of defendants, and continued to use the property in the delivery of goods for them; but that after the sale, Luebert held possession of the property as owner. Prior and subsequent to the sale the horses were kept in a stable on the premises occupied by defendant Pfeil, as a residence, but defendants testify that this was done because there was no stable on the premises where Luebert lived, and that after the purchase, the latter paid Pfeil three dollars a month rent for the stable. Under this state of facts the plaintiff claims, that the sale was fraudulent for the reasons alleged, and that the trial court ought to have so held as a matter of law.

The requirements of the law, of an actual change of possession of personal property, in order to make a valid sale, admit of such modifications as the situation of the property and the relation of the parties thereto may exact. *Bobb v. Bobb*, 7 Mo. App. 501. The law never requires the doing of a useless thing. Defendants' evidence tends to prove that at the time of the purchase by Luebert, he had the actual and corporal possession of the property purchased. In such a case a literal observance of the general rule would have required a formal delivery to defendants by Luebert of the property, and then a like delivery back to Luebert by defendants. The law would dispense with any such idle ceremony. "If at the time of a sale the property is already in the possession of the vendee, no formal delivery is necessary." Benj. on Sales, 658 ; *Lake v. Morris*, 30 Conn. 201 ; *Macomber v. Parker*, 13 Pick. 175 ; *Nichols v. Patten*, 18 Me. 231. The court would not have been justified, under the peculiar facts of this case, to declare as a matter of law that the sale was fraudulent, for the reason that there had been no change

in the possession of the property after the sale. It was for the jury under proper instructions to determine the good faith of the sale, and whether after the thirtieth day of September, 1886, Luebert was in the actual possession of said property as owner.

The court, at the instance of plaintiff, instructed the jury that if plaintiff established by its evidence any one of the grounds of attachment alleged in the affidavit, the issue on the plea in abatement should be found for plaintiff. That if the jury found, that at the time of the institution of plaintiff's suit defendants had conveyed or assigned any of their property or effects or had concealed, removed or disposed of the same, so as to hinder, delay or defraud their creditors, then the verdict should be for plaintiff. The court also instructed the jury for plaintiff, that the sale of a chattel must, within a reasonable time, be followed by a change of the possession. That the change must not be temporary or formal, but such possession must be open, visible and unequivocal, such as to apprise the community that the goods had changed hands, and that unless a sale of goods is accompanied by such a possession, it would be regarded as fraudulent and void. Plaintiff also asked the court to instruct the jury as follows: "If you believe from the evidence that the horse seized by the constable in this case was, some time prior to said seizure, sold by defendants to Harry S. Luebert, and that at the time of said sale said horse was in the possession of, or under the control of, defendants; and if you further believe from the evidence that there was no actual, visible, continued and exclusive change of possession of said horse from defendants to said Luebert after said sale and before said seizure, and that there was no change of possession of said horse, such as would impart notice to a prudent man that a change had taken place, and that defendants Pfeil and Bauer were no

longer in possession of said horse; and that if you further believe from the evidence that plaintiff sold the goods here sued for to defendants after said transfer to Luebert of said horse, then the court instructs you that said sale was fraudulent and void as against plaintiff, and you will find for the plaintiff on the plea in abatement sustaining the attachment, although you may believe from the evidence that said sale from Pfeil and Bauer to said Luebert was in good faith and for a valuable consideration.''

Under the evidence in this case, this instruction was properly refused. The testimony of both plaintiff and defendants tended to prove that Luebert had been engaged for several months prior to the sale in delivering goods for defendant and during the time had the actual and physical possession of the property which he claims to have purchased. Yet, regardless of this, the instruction declared that the sale was fraudulent, unless there was an actual change of the possession of the horse from defendants to Luebert, after the sale. This would have necessitated the formal delivery of the property by Luebert to defendants, and then a re-delivery by defendants to Luebert. We have shown in a former portion of this opinion that the law does not require this. The instruction actually given on this subject was more favorable to plaintiff than it had the right to expect or demand.

The only instruction asked by defendants was to the effect that a party, indebted, had the right to transfer his property to one creditor in payment of a lawful indebtedness, even though the effect might be to leave other creditors without means of collecting their debts.

The instructions given presented the case fairly to the jury so far as plaintiff was concerned, and as there was evidence authorizing the verdict of the jury, we are not disposed to disturb the judgment; which with the concurrence of the other judges will be affirmed.